UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

Mendez-Torres, et al.,
    Plaintiffs,
v.
Pacheco-Guidicelli, et al.,
    Defendants.

Civil Number: 98-1693 (HL)

-----------------------------------------------------------x

## ORDER

The **pretrial and settlement conference** has been scheduled on **February 18, 2000** at **11:00 a.m.** The scheduling order entered in this case shall remain in full force and effect.

In order to conduct a meaningful settlement conference, counsel for the parties are to appear fully prepared and with full authority to discuss and reach settlement, and shall comply with the following procedure:

1. The parties are **ordered** to have their principals available by phone during the settlement conference.

2. Plaintiffs' counsel shall serve counsel for the defendant with a written demand on or before **January 28, 2000**, setting forth a settlement figure and the justification therefor in detail.

3. Counsel for the defendants shall serve counsel for the plaintiffs on or before **February 4, 2000** its written reply accepting, rejecting, or submitting a counter-proposal to plaintiffs' settlement demand and the justification therefor. Proposed settlement figures are not to be filed with the Court.



2.-

4. Counsel are instructed to meet with each other prior to the scheduled settlement conference in a good faith effort to negotiate and achieve, if possible, settlement.

5. The parties shall meet prior to the conference to prepare a joint, **proposed Pretrial Order**. The proposed Pretrial Order shall be filed two days prior to the pretrial and settlement conference. The Order shall contain each party's (1) factual version; (2) legal theory; (3) witness list accompanied by a short statement of each witness' intended testimony; (4) expert list; and (5) evidence list. In addition, the proposed order shall also include a list of stipulated, uncontested facts.

The Court advises counsel that any unjustified noncompliance with the provisions of this Order, such as being substantially unprepared for counsel's meeting or for the subsequent settlement conference, or failure to participate in good faith in settlement negotiations, shall constitute good cause for the imposition of sanctions under Fed. R. Civ. P. 16(f).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 2\ 2000.

_____
HECTOR M. LAFFITTE
Chief U.S. District Judge.