UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MENDEZ-TORRES, et al.,
Plaintiffs,

v.                                                    Civil No. 98-1693 (HL)

PACHECO-GUIDICELLI, et al.,
Defendants.

**OPINION AND ORDER**

The parties to this case find themselves before this Court as a result of the non-renewal of Plaintiffs' employment contracts. Plaintiffs are four former employees of the Southwest Consortium, an association of mayors of towns in the southwest of Puerto Rico. Defendants are the mayors of three towns in the Southwest Consortium: Ceferino Pacheco Guidicelli ("Pacheco") of Guayanilla, Santos Padilla Ferrer ("Padilla") of Cabo Rojo, and Isaac Llantin Ballester ("Llantin") of San German. Plaintiffs allege that their fixed-term employment contracts were not renewed by Defendants because of Plaintiffs' political party affiliation. Accordingly, Plaintiffs bring suit under 42 U.S.C. § 1983 for violations of their civil rights. For reasons that follow, Defendants' Motion for Summary Judgment is granted in part and denied in part.

**Standard for Summary Judgment**

The Court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to





AO 72A
(Rev 8/82)

Civil No. 98-1693 (HL)                                        2

judgment as a matter of law." Fed. R. Civ. P. 56(c). Of course, the Court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

### Statement of Facts

Accordingly, the Court will set forth the facts of the case in the manner most advantageous to Plaintiffs. The Plaintiffs are Salvador Mendez Torres ("Mendez"), Wilfredo C. Alvarez Rivera ("Alvarez"), Jose A. Toro Carlo ("Toro"), and Noel Rodriguez Velez ("Rodriguez"). Plaintiffs occupied the positions of "Director of Management Information System," "Director of Accounting," "Follow Up Technician," and "Administrative Technician," respectively. Plaintiffs all worked for the Southwest Consortium until their dismissal. Mendez, Alvarez, and Toro were dismissed on September 30, 1997; Rodriguez was dismissed on June 30, 1997.

Plaintiffs were all members of the Popular Democratic Party ("PDP") and were initially hired by PDP-affiliated town mayors who made up the Southwest Consortium until the general elections of 1996. After the 1996 elections, members of the rival New Progressive Party ("NPP") replaced the mayors who had hired Plaintiffs. Eventually, upon the expiration of the employment contracts under which Plaintiffs worked, mayors Padilla and Llantin chose not to renew Plaintiffs' contracts. After Plaintiffs' contracts were not renewed, they were replaced in their positions by persons affiliated with the NPP.

As a result of the non-renewal of their contracts, Plaintiffs brought suit in this Court

Civil No. 98-1693 (HL)                              3

under 42 U.S.C. § 1983, alleging that their contracts were not renewed on account of their political affiliation. Plaintiffs allege violations of their constitutional rights of freedom of speech and association under the First and Fourteenth Amendments and Due Process under the Fourteenth Amendment. See U.S. CONST. amend. I; U.S. CONST. amend. XIV, § 1.

### Discussion

In Defendants' Motions for Summary Judgment, Dkt. Nos. 20, 27, and 46, Defendants make four basic arguments. First, Pacheco argues that there is no genuine issue of material fact as to his personal involvement in the decision not to renew Plaintiffs' employment contracts. Second, all three Defendants assert that Plaintiffs' employment contracts simply were not renewed upon their expiration. Thus, Plaintiffs' experienced no legally cognizable harm, no matter what the motivation for the non-renewal of their contracts. Third, Defendants argue that they are protected by qualified immunity from personal liability for failing to renew Plaintiffs' contracts of employment. Fourth and finally, Defendants contend that this case must be dismissed because of Plaintiffs' failure to join an indispensable party.

*1. Pacheco's Personal Involvement*

In Defendant Pacheco's Motion for Summary Judgment, Dkt. No. 27, Pacheco contends that Plaintiffs have failed to create a genuine issue of material fact on the issue of Pacheco's personal involvement in the decision not to renew Plaintiffs' employment contracts. Of course, to hold a person liable for a violation of one's constitutional rights

Civil No. 98-1693 (HL) 4

under § 1983, one must show that that person actually caused the violation. See *Street v. Fair*, 918 F.2d 269, 272 n. 1(1st Cir. 1990); *Mariani-Giron v. Acevedo-Ruiz*, 877 F.2d 1114, 1116 n. 3 (1st Cir. 1989); *Springer v. Seamen*, 821 F.2d 871, 879 (1st Cir. 1987). Thus, what is sometimes termed "personal involvement" is simply a version of the familiar legal principle of causation.

In this case, Plaintiffs have indeed failed to create a genuine issue of material fact on the issue of Pacheco's personal involvement in the decisions regarding Plaintiffs' employment. Taking all of Plaintiffs' factual allegations as true, Plaintiffs have simply failed to put forth evidence from which a reasonable jury could conclude that Pacheco caused the non-renewal of Plaintiffs' employment contracts. In Plaintiffs' Opposition to Motion for Summary Judgment, Dkt. No. 23, Plaintiffs contend without evidentiary support that Plaintiff Jose Angel Toro Carlo "[w]ith the influence of the President of the Consorcio, co-defendant Ceferino Pacheco, . . . was fired from his job by mayor Padilla." Further, in another of Plaintiffs' Oppositions to Motion for Summary Judgment, Dkt. No. 34, Plaintiffs' again assert without evidentiary support that "Ceferino Pacheco Guidicelli was an active party in the termination of plaintiffs' employment, who creates influence over co-defendants Santos Padilla and Isaac Llantin." Finally, in their Statement of Facts, Dkt. No. 23, Plaintiffs set forth with adequate evidentiary support that "[t]he president of the Consorcio, co-defendant Ceferino Pacheco Guidicelli did not objected [sic], nor opposed the termination of plaintiffs' employment."

The allegation that Pacheco failed to oppose the non-renewal of Plaintiffs'

Civil No. 98-1693 (HL)                                5

employment contracts does not even approach the level of the minimal showing required to avoid summary judgment. The rest of Plaintiffs' allegations, as already noted, are utterly without evidentiary support. The Court declines to discuss this matter further. Plaintiffs' claims against Pacheco can not survive summary judgment. They are hereby dismissed.

### 2. Non-renewal of Employment Contracts as Legally Cognizable Harm

Defendants argue that the mere non-renewal of Plaintiffs' contracts of employment upon their expiration is simply not actionable under § 1983. Failing to offer a person a contract of employment, their rhetoric goes, causes no legally cognizable harm. While this is a superficially attractive argument, it is largely contrary to the controlling case law construing § 1983.

Plaintiffs here bring suit under § 1983 for violation of their constitutional rights of freedom of speech and association and Due Process. Plaintiffs' freedom of speech and association claims find fertile soil in which to take root even in the context of the mere non-renewal of Plaintiffs' employment contracts. Plaintiffs' Due Process claims, on the other hand, fail to germinate.

The doctrine on these points is clear in the First Circuit. The First Circuit has set forth some well-settled principles regarding First Amendment claims by public employees terminated because of their political affiliation. One of these principles is that the so-called *Elrod-Branti* doctrine, shorthand for the Supreme Court cases that paved the way for such claims by public employees,

"applies to a local government's decision whether to renew the contract of a

Civil No. 98-1693 (HL)                    6

> transitory employee. A municipality may not allow transitory employees' contracts to expire if the primary motive is to punish them for their political affiliation . . . . Thus the fact that a transitory employee does not have a reasonable expectation of renewal in his or her employment that would require due process protections does not defeat a First Amendment claim."

*Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92 (1st Cir. 1997) (citations omitted); see also, *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 56 (1st Cir. 1990); *Cheveras Pacheco v. Rivera Gonzalez*, 809 F.2d 125, 129 (1st Cir. 1987). See also, *Branti v. Finkel*, 445 U.S. 507 (1980); *Elrod v. Burns*, 427 U.S. 347 (1976). Thus, Plaintiffs' First Amendment claims survive.

As the First Circuit's disposition in *Nieves-Villanueva* foreshadows, Plaintiffs' Due Process claims are not so well situated. The mere non-renewal of a contract of employment does not trigger Due Process protections, as First Circuit case law makes abundantly clear. For Plaintiffs to make a out a Due Process claim, they must first show that they had a liberty or property interest in the *constitutional* sense. *Correa-Martinez*, 903 F.2d at 53. An employee with a contractually fixed term of employment has, absent certain special circumstances not applicable here, no liberty or property interest in continued employment. *Cheveras Pacheco*, 809 F.2d at 126. With nothing more than a "subjective expectancy" of continued employment, an employee has no property interest in continued employment. *Id.* at 127. Accordingly, Plaintiffs' due process claim can not withstand summary judgment.

### 3. Qualified Immunity

Defendants assert the defense of qualified immunity to shield themselves from

AO 72A
(Rev 8/82)

Motions for Summary Judgment on qualified immunity and failure to join an indispensable party are hereby denied.

Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 28, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge